UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DOMINIQUE EZELL, ) | CASE NO. 3:17CV1337 |
| ) | |
| Petitioner, ) | JUDGE SARA LIOI |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| WARDEN CHAE HARRIS, ) | |
| Warren Correctional Institution, ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| Respondent. ) | |
| ) | |

On June 23, 2017, Petitioner Dominique Ezell ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. In his habeas corpus petition, Petitioner asserted one ground of relief. *Id.* at 3. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice. ECF Dkt. #1.

## I. FACTUAL HISTORY

The Ohio Sixth District Court of Appeals set forth the facts of this case on direct appeal. ECF Dkt. #8-1[1] at 73. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6thCir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Sixth District Court of Appeals, the facts are:

> Specifically, appellant was found guilty of one count of felonious assault for shooting Tild Reed and one count of felonious assault for shooting Aaron Jr. Gaines. Reed testified that appellant, whom he had known since they were children, shot him at four or five feet away after the two exchanged words. Additionally, appellant's step-grandfather testified that immediately after the shooting appellant told him that he had shot Reed and that, later, appellant apologized to him for injuring Gaines. Additionally, Gaines testified that he heard the gunfire and was hit in the ankle by the bullet after it passed through Reed's body. There was clear evidence presented to the jury that appellant fired a single shot at Reed which injured both Reed and Gaines.

---

[1] Citations to the State Court Record, ECF Dkt. #8-1, will refer to the .PDF page numbers rather than to specific exhibits or PAGEID numbers.

ECF Dkt. #8-1 at 73. Petitioner has not contested these factual findings.

## II. PROCEDURAL HISTORY

### A. State Trial Court

On July 28, 2014, the Lucas County Grand Jury indicted Petitioner with two counts of felonious assault in violation of R.C. 2903.11(A)(2) and (D) (Counts 1 and 2) in case number G-4801-CR-0201402191. ECF Dkt. #8-1 at 4-5. Each count carried a firearm specification. *Id.*

On January 28, 2015, a jury convicted Petitioner on all charges and specifications in the indictment. ECF Dkt. #8-1 at 6-9. On February 26, 2015, the trial court sentenced Petitioner to 2 years in prison for each felonious assault conviction, to be served concurrently, and an additional 3 year mandatory, consecutive term for each of the two firearm specifications. *Id.* at 9. The total sentence was 8 years in prison. *Id.*

### B. Direct Appeal

On March 4, 2015, Petitioner, through appellate counsel, appealed to the Court of Appeals of Lucas County, Sixth Appellate District. ECF Dkt. #8-1 at 11. In his appellate brief filed on August 28, 2015, Petitioner, through appellate counsel, raised the following assignments of error:

1. The trial court erred in rejecting appellant's *Batson* challenge after the State used its first peremptory challenge to strike the only African-American juror in the jury pool.

2. Appellant's convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

3. The trial court erred in imposing the cost of appointed counsel fees and costs of confinement.

ECF Dkt. #8-1 at 17-43. The State filed a brief in opposition. *Id.* at 47-70. On April 15, 2016, the court of appeals overruled each assignment of error on the merits and affirmed the judgment of the trial court. *Id.* at 71-74. Petitioner did not appeal to the Ohio Supreme Court.

### C. Application for Reopening Appeal Pursuant to Ohio App. R. 26(B)

On March 4, 2015, Petitioner filed an application for reopening pursuant to Ohio App. R. 26(B). ECF Dkt. #8-1 at 75-85. As grounds for reopening the appeal, Petitioner argued that his appellate counsel was ineffective for not raising the following assignments of error on direct appeal:

2

    1.    The trial court erred at sentencing in not merging the two counts of felonious assault as allied offenses of similar import.

    2.    The trial court erred by not merging the gun specifications as allied offenses of similar import.

    3.    Trial counsel was ineffective for not requesting a jury instruction for the lesser included offense of assault or negligent assault as to Count II of the indictment.

*Id.* The State filed a memorandum in opposition. *Id.* at 86-95. On December 19, 2016, the court of appeals denied Petitioner's application for reopening on the merits pursuant to Ohio law, concluding that Petitioner "failed to put forth a colorable claim of ineffective assistance of appellate counsel." *Id.* at 97-101.

On January 24, 2017, Petitioner appealed to the Ohio Supreme Court, asserting the following proposition of law:

    1.    Appellant counsel was ineffective for failing to raise the trial court's failure to adhere to the merger doctrine for the two gun specifications contained in appellant's indictment, in violation of O.R.C. 2941.25, as there was, only one gun and one shot fired by appellant.

ECF Dkt. #8-1 at 102-11. On April 19, 2017, the Ohio Supreme Court declined to accept jurisdiction. *Id.* at 118.

### D. Post-Conviction Relief

On November 10, 2016, Petitioner filed a "motion for newly discovered evidence," maintaining that trial counsel was ineffective in failing to look into a plea offer from the state. ECF Dkt. #8-1 at 119-32. On November 21, 2016, the trial court denied the motion. *Id.* at 134-35.

On December 23, 2016, Petitioner filed a notice of appeal. ECF Dkt. #8-1 at 136-37. The State moved to dismiss the appeal. *Id.* at 138-41. On February 7, 2017, the court of appeals dismissed the appeal, finding that it was two days late. *Id.* at 143-44. Petitioner did not appeal to the Ohio Supreme Court.

### III. FEDERAL HABEAS CORPUS PETITION UNDER 28 U.S.C. § 2254

On June 23, 2017, Petitioner, pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF Dkt. #1. In his instant petition, Petitioner presented the following one ground for relief:

3

>   1.   Whether the trial court totally disregarded the law in conjunction to multiple counts. Where the conduct by a defendant can be construed to constitute two or more allied offenses of similar import.

*Id.* at 3. Petitioner did not include a specific request for relief in his petition. *Id.*

On July 24, 2017, this case was referred to the undersigned pursuant to Local Rule 72.2. On November 13, 2017, Respondent Warden of the Warren Correctional Institution ("Respondent") filed a return of writ, asserting that the ground for relief is procedurally defaulted and without merit. ECF Dkt. #8. Respondent requested that the Court dismiss Petitioner's federal habeas corpus petition. *Id.* at 19. Petitioner did not file a brief nor a traverse in this matter.

## IV. APPLICABLE LAW

### A. Procedural Barriers to Review

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. Justice O'Connor noted in *Daniels v. United States*: "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001) (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)).

#### 1. Statute of Limitations

The AEDPA statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

#### 2. Exhaustion of State Remedies

Subject to the statute of limitations, federal habeas corpus relief is only available to persons that are in custody in violation of the United States Constitution, laws or treaties. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107 (1982); *Smith v. Phillips*, 455 U.S. 209, 221 (1983). As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). Exhaustion is required before a state prisoner may bring a habeas corpus petition under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *See Collins v. Million*, 121 Fed.Appx.

628, 630-31 (6th Cir. 2005). The petitioner bears the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Also, the court of appeals may raise and consider the issue of exhaustion *sua sponte*. *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004) (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)). Exhaustion does not require a state court adjudication on the merits of the claim at issue. *Clinkscale*, 375 F.3d at 438 (citing *Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990)).

The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts," which means "the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006) (citing *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). A petitioner will not be allowed to present claims never before presented in the state courts, unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (citing *Engle v. Isaac*, 456 U.S. 107 (1982) and *Murray v. Carrier*, 477 U.S. 478 (1986)).

In addition to full presentation, a claim must also be fairly presented to the state courts as a federal constitutional issue rather than merely as a state law issue. *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). To exhaust a claim, a petitioner must present it to the state courts under the same theory that it is later presented in federal court. *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). For a claim to be "fairly presented," the petitioner must assert both a factual and legal basis for his claim in state court. *Fulcher v. Motley*, 444 F3d 791, 798 (6th Cir. 2006). A petitioner "fairly" presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3)

phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (internal citation omitted); *McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 326). Although general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated, a petitioner is not required to recite "book and verse on the federal constitution." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984)).

Originally, the Supreme Court interpreted 28 U.S.C. § 2254 as providing that if a petitioner did not fulfill the total exhaustion requirement, a district court *must* dismiss the habeas petition, even if it contained both unexhausted and exhausted claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 852 (1999) (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)); *cf.* 28 U.S.C. § 2254(b)(2) (stating that "a[n] application for a writ of habeas corpus *may* be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") (emphasis added). However, the Supreme Court became concerned about petitioners losing their opportunity for federal review when the AEDPA, which was enacted in 1996, included a one-year statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Citing *Rhines*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a mixed petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (citing *Rockwell v. Yukins*, 217 F.3d 421, 425 (6th Cir. 2000)).

The AEDPA, as amended, provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b)(2). Even assuming a state court remedy is available, the District Court may nevertheless consider a petitioner's unexhausted claim if the claim lacks merit and returning to state court "would amount to a mere futility." *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001); *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

### 3. **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed)). Absent either cause and prejudice or a finding of actual innocence, a federal court is not required to reach the merits of claims that have been procedurally defaulted in state court by a state prisoner or in federal court by a federal prisoner in a defendant's direct criminal appeal. *See Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006); *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005). Also, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). On the other hand, the Supreme Court has held that federal courts are not always required to address a procedural default issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be. Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."). The Sixth Circuit has endorsed this view in *Hudson v. Jones* and

7

proceeded to the merits in a habeas corpus proceeding when the question of procedural default presented a complicated question of state law and was unnecessary to the disposition of the case. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *accord Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008), *as amended* (July 7, 2008).

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts will apply a presumption that there is no independent and adequate state grounds for a state court decision when the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)); *see also Harris v. Reed*, 489 U.S. 255, 262-63 (1989) (holding that the "plain statement" rule of *Michigan v. Long* applies to federal habeas review). However, the presumption:

> does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

*Coleman*, 501 U.S. at 735 n.1; *see Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006)) ("[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.").

Prior to the Supreme Court's ruling in *Coleman*, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;
(2) whether the state courts actually enforced the state procedural sanction;
(3) whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and
(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

8

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418-20 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005), *vacated on other grounds in Bradshaw v. Richey*, 546 U.S. 74 (2005), *remanded to Richey v. Bradshaw*, 498 F.3d 344 (6th Cir. 2007); *Franklin*, 434 F.3d at 420.

Under the second prong, the last-explained state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 735 (1991); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises) (superseded by statute as stated in *Parker v. Matthews*, 567 U.S. 37 (2012) on different grounds); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply). Although the Sixth Circuit has required express reliance on a procedural bar in the past, *see Baze*, 371 F.3d at 320, it has also assumed such reliance when the decision "fairly appears to rest on state law." *Smith v. Warden, Toledo Corr. Inst.*, No. 17-3220, 2019 WL 2518311, at *11 (6th Cir. June 18, 2019) (citing *Coleman*, 501 U.S. at 740).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Wilson v. Mitchell*, 498 F.3d 491, 499 (6th Cir. 2007); *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus, unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Geneva v. Lazaroff*, 77 Fed.Appx. 845, 850 (6th Cir. 2003); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986) (Demonstrating "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986); *Geneva*, 77 Fed.Appx. at 850. A petitioner can also show that a fundamental miscarriage of justice will occur if the Court does not address his procedurally defaulted ground for relief. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750. The Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Schlup*, 513 U.S. at 321. Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). In addition, the Sixth Circuit recognized Ohio's rule that claims must be raised on direct appeal, if possible, or else res judicata bars their litigation in subsequent proceedings. *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751 (6th Cir. 2013) (citing *State v. Perry*, 226 N.E.2d 104, 108 (1967)). The above standards apply to the Court's review of Petitioner's claims.

### B. Standard of Review

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case for the reasons previously discussed and because Petitioner filed his petition well after the Act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see* ECF Dkt. #1-2. As previously stated, under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides a deferential standard of review as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. §2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001); *Earhart v. Konteh*, 589 F.3d 337, 343 (6th Cir. 2009).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

- A. Decisions of lower federal courts may not be considered.

- B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

- C. The state court decision may be overturned only if:

    1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

    2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

    3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

    4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

- D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

- E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted); *see Casnave v. Lavigne*, 169 Fed.Appx. 435, 438-39 (6th Cir. 2006).

12

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic, primary, or historical facts, and not to mixed questions of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 107-12 (1995). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Id.*; *see McMullan v. Booker*, 761 F.3d 662, 671 (6th Cir. 2014) (citing *Thompson*, 516 U.S. at 111). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. ANALYSIS

As his sole ground for relief, Petitioner argues that the "trial court totally disregarded the law in conjunction to multiple counts, where the conduct by a defendant can be construed to constitute two or more allied offenses of similar import." ECF Dkt. #1. The undersigned recommends that the Court find that this sole ground raised in Petitioner's habeas corpus petition is procedurally defaulted.

A petitioner commits a procedural default "by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006)

(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999))) (internal quotation marks omitted). In order to avoid a procedural default of a ground for relief, a federal habeas petitioner "must have exhausted his or her remedies in state court." *Id.* A federal claim is considered exhausted once it has been "fairly presented" at the first possible opportunity within "one complete round of the State's established appellate review process." *Id.* at 564. An unexhausted claim is procedurally defaulted if the petitioner fails to exhaust state court remedies and state law no longer allows the petitioner to raise the claim. *Id.*; *see Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (noting one way "a claim is procedurally defaulted [is] where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule."); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (When "a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted."). Petitioner did not raise the instant habeas ground for relief on direct appeal and he has, therefore, committed a procedural default. *See* ECF Dkt. #8-1 at 20.

Petitioner's habeas challenge most closely corresponds to grounds one and two in his 26(B) application to reopen, and, similarly, the sole ground in his Ohio Supreme Court appeal of his 26(B) application. In his 26(B) application, Petitioner argued that his appellate counsel was ineffective for not raising the following arguments: first, the trial court erred at sentencing by not merging the two counts of felonious assault as allied offenses of similar import; and second, the trial court erred by not merging the gun specifications as allied offenses of similar import. *Id.* at 78-81. He made the same argument on appeal to the Ohio Supreme Court, but only with regard to the gun specification. *Id.* at 105. However, his instant habeas ground for relief does not allege ineffective assistance of counsel. ECF Dkt. #1. "'[A] Rule 26(B) application based on ineffective assistance cannot function to preserve the underlying substantive claim' such that it will not be found to be procedurally defaulted." *Abshear v. Moore*, 354 Fed. App'x 964, 968 (6th Cir. 2009) (unpublished) (quoting *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir.2008), *cert. denied*, 130 S.Ct. 503 (2009); *see Gau v. Kelly*, No. 4:09 CV 2955, 2010 WL 5698451, at *5 (N.D. Ohio Aug. 11, 2010), *report and recommendation adopted*, No. 4:09CV2955, 2011 WL 400141 (N.D. Ohio Feb. 4, 2011) ("[C]laims

14

raised under the motif of ineffective assistance of counsel are not the same claim when raised in federal court as trial error.") (internal citations omitted). Therefore, Petitioner's inclusion of the underlying claim in his application to reopen as an assignment of error that appellate counsel failed to address does not preserve the underlying claim(s) for habeas corpus review.

In addition, the court of appeals considered the assignment of error that Petitioner brings in the instant habeas petition. ECF Dkt. #8-1 at 98-100. Applying the standard from *Strickland v. Washington*, 466 U.S. 668 (1984), for ineffective assistance of counsel, the court of appeals found that Petitioner's arguments were without merit. *Id.* That court considered the substantive arguments for each of the assignments of error, including the two pertinent grounds regarding merger, and overruled them pursuant to Ohio state law. *Id.* at 97-101. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

The Court can still consider Petitioner's constitutional arguments if the Court determines that it is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent..." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The Sixth Circuit Court of Appeals explained that the "actual innocence" exception, or the "fundamental miscarriage of justice" gateway, is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) (internal citations omitted). The Sixth Circuit held that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Here, Petitioner has produced no new evidence to carry this burden.

## VI. CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court find Petitioner has procedurally defaulted his sole ground for relief by not having a direct appeal to the Supreme Court of Ohio concerning the sole ground for relief in this instant habeas petition. Therefore, the

undersigned RECOMMENDS that the Court DISMISS Petitioner's § 2254 federal habeas corpus petition (ECF Dkt. #1) in its entirety WITH PREJUDICE.

DATE: April 10, 2020          */s/ George J. Limbert*
                                    GEORGE J. LIMBERT
                                    UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).